UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cassandra O.,   Case No. 22-cv-1587 (ECT/DTS)

    Claimant,

v.   **REPORT AND RECOMMENDATION**

Kilolo Kijakazi,
*Acting Commissioner of Social Security,*

    Defendant.

## INTRODUCTION

Claimant Cassandra O. appeals the denial of her application for benefits under Titles II and XVI of the Social Security Act. Pl.'s Mot. for Summary Judgment at 1; Dkt. No. 13. Her claim was denied initially and on reconsideration. She requested and received review by an Administrative Law Judge (ALJ), who determined Claimant was not eligible for benefits. Administrative Record (Admin. Rec.) at 70-85; Dkt. No. 11; Pl.s Mem. on Mot. for Summary Judgment (Pl.'s Mem.) at 4; Dkt. No. 14. The Social Security Appeals Council denied Claimant's request for review. Admin. Rec. at 67-69; Dkt. No. 11. Claimant argues the ALJ erred in two ways: (1) by failing to articulate a discrepancy between her RFC determination and a prior administrative medical finding she found persuasive; and (2) by failing to address the supportability and consistency of one medical opinion. For the reasons set forth below, the Court recommends the ALJ's decision be affirmed, the Claimant's Motion for Summary Judgment [Dkt. No. 13] be denied, and the Commissioner's Motion for Summary Judgment [Dkt. No. 20] be granted.

## BACKGROUND

Claimant alleged disability beginning in January 2019. Admin. Rec. at 271; Dkt. No. 11. She had a documented history of treatment for various mental health concerns including anxiety, depression, eating disorder, attention deficit hyperactivity disorder (ADHD), dermatillomania, post-traumatic stress disorder (PTSD) and others. *See id.* at 130, *passim*.

The Commissioner uses a five-step sequential evaluation process to determine whether a claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(a). The Commissioner evaluates "(1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the impairment is, or approximates, a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work." *Brock v. Astrue*, 674 F.3d 1062, 1064 n.1 (8th Cir. 2012); *see also* 20 C.F.R. § 404.1520(a)(4).

At Step 1, ALJ Sarah Smisek determined Claimant had engaged in substantial gainful employment since the date of her alleged disability onset, the Claimant's earnings from work as a substitute teacher during the third quarter of 2020 having exceeded the substantial gainful activity baseline. Admin. Rec. at 72-73; Dkt. No. 11. Nevertheless, there were twelve consecutive months during which the Claimant had not engaged in substantial gainful activity. *Id.* at 73. At Step 2, the ALJ determined Claimant has several severe impairments, including anxiety, PTSD, learning disorder, personality disorder, depression, ADHD, and eating disorder. *Id.* at 73. Even so, the ALJ found at Step 3 that those impairments, considered individually or taken together, did not meet the severity of any impairment listed in 20 C.F.R. § 404. *Id.* at 74-75.

At Step 4, the ALJ determined Claimant had the following residual functional capacity: "[S]imple, routine tasks performed in a work environment free of fast-paced production requirements and involving only simple, work-related decisions and routine workplace changes; no more than incidental contact with the public and only occasional contact with co-workers and supervisors." *Id.* at 76. Having determined Claimant is unable to do any of her past relevant work, at Step 5 the ALJ determined Claimant could perform work that existed in the national economy and identified three occupations suited to Claimant's abilities, representing 275,000 jobs in the national economy. *Id.* at 83-84. Claimant appeals the denial of benefits under sentence four of 42 U.S.C. § 405(g). Pl. Mem. of Law in Support of Mot. for Summary Judgment at 2; Dkt. No. 14.

## ANALYSIS

### I. Standard of Review

Disability under the Social Security Act means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under Social Security regulations, disability means that the impairment(s) is/are so severe that the claimant is not only unable to engage in previous work but cannot engage in any other kind of substantial gainful employment that exists in the national economy. *Id.* § 423(d)(2)(A). The claimant bears the burden of proving entitlement to disability benefits. *See* 20 C.F.R. § 404.1512(a)(1); *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013).

This Court has authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing a decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (sentence four). The Court must uphold the Commissioner's decision if it is supported by substantial evidence in the record as a whole and is not based on legal error. *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018). Substantial evidence is "less than a preponderance but enough that a reasonable mind would find it adequate to support the conclusion." *Id.* (quotation and alteration omitted). The Court "must consider evidence that supports and detracts from the ALJ's decision." *Cuthrell v. Astrue*, 702 F.3d 1114, 1116 (8th Cir. 2013). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Id.* (quotation omitted).

As part of reviewing the record, the ALJ will consider medical opinions and prior administrative medical findings. 20 C.F.R. § 404.1520c. ALJs are not required to give any specific level of deference to those opinions and instead must assess those opinions' persuasiveness. *Id.* at (b). The most important factors in determining persuasiveness are supportability and consistency. Supportability means that "the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support" the opinion, the more persuasive that opinion is. *Id.* at (b)(3)(c)(1). Similarly, the more consistent the opinion is with evidence from other sources, both medical and nonmedical, the more persuasive the opinion is. *Id.* at (b)(3)(c)(2). ALJs may also (but are not required to) consider the provider's relationship with the claimant, the provider's specialization, and other factors. *Id.* at (b)(3)(c)(3-5).

4

That said, the Commissioner considers certain types of evidence to be "inherently neither valuable nor persuasive." One such type of evidence is "Statements on issues reserved to the Commissioner" which includes "Statements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work" and several others.[1] 20 C.F.R. § 1520b(c)(3). Because that type of evidence is considered inherently lacking in value and not persuasive, the Commissioner "will not provide any analysis about how we considered such evidence in our determination or decision, even under § 404.1520c," detailed above. *Id.* at (c).

## II.      Prior Administrative Medical Findings

Claimant argues the ALJ's RFC determination was flawed because she failed to form a "logical bridge" between the evidence she cited and her conclusions. Pl. Mem. at 6; Dkt. No. 14 (citing *Jacobs v. Astrue*, No. 08-431, 2009 WL 943859 at *3 (D. Minn.

---

[1] Issues reserved to the commissioner under 20 C.F.R. § 404.1520b(c) are:

  (i)   Statements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work;
  (ii)  Statements about whether or not you have a severe impairment(s);
  (iii) Statements about whether or not your impairment(s) meets the duration requirement (see § 404.1509);
  (iv)  Statements about whether or not your impairment(s) meets or medically equals any listing in the Listing of Impairments in Part 404, Subpart P, Appendix 1;
  (v)   Statements about what your residual functional capacity is using our programmatic terms about the functional exertional levels in Part 404, Subpart P, Appendix 2, Rule 200.00 instead of descriptions about your functional abilities and limitations (see § 404.1545);
  (vi)  Statements about whether or not your residual functional capacity prevents you from doing past relevant work (see § 404.1560);
  (vii) Statements that you do or do not meet the requirements of a medical-vocational rule in Part 404, Subpart P, Appendix 2; and (viii) Statements about whether or not your disability continues or ends when we conduct a continuing disability review (see § 404.1594).

5

April 6, 2009)). In short, the ALJ found "generally persuasive" prior administrative medical findings, yet her RFC listed a different limitation on interaction than the limitation found in those prior administrative medical findings. The state agency psychologists determined Claimant was limited to only "incidental" interaction with the general public, co-workers, and supervisors, whereas the ALJ determined Claimant could undertake "incidental contact with the public and only occasional contact with co-workers and supervisors." *Id.* at 6-7 (citing Admin. Rec. at 76, 124, 150; Dkt. No. 11). According to Claimant, the ALJ was required to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Pl. Mem. at 6 (citing SSR 96-8p). Having failed to explain the reasoning behind this difference in finding as to interaction the ALJ erred, Claimant argues. *Id.* at 6-10.

Claimant's argument is unavailing because the ALJ's opinion built a clear logical bridge between the evidence and her conclusion about Claimant's limitations on interaction, and it specifically explained the discrepancy between her RFC and the prior administrative medical finding. Admin. Rec. at 82; Dkt. No. 11. After explaining that the state agency psychologists' opinions were "generally persuasive" for being "supported and consistent with the record" the ALJ went on to explain that "the overall record, including the claimant's experience of getting along with supervisors, her ability to spend most of her time with her mother, and her ability to maintain friendships, therapy, and relationships with medical providers, supports that she is able to handle occasional interactions with co-workers and supervisors." *Id.* Here, the ALJ marshalled the applicable evidence to explain one way in which she was rejecting the state agency psychologists' "generally persuasive" findings. *Id.* (using the conjunctive adverb "however" to introduce

6

and explain her own findings). Furthermore, prior to this assessment of the state agency psychologists' findings, the ALJ had already detailed key evidence from the record that bore on her interaction determination.

For example, the ALJ cited to portions of the record where claimant "reported spending time with others in person and on the phone, including going to her mother's apartment in the building daily. She reported to going to Bible study and church once a week. . . .The claimant was usually able to get along with medical providers and their staff members." *Id.* at 74 (citing Exs. 8E, 4F, 8F); *see also id.* at 80 (reporting church attendance). The ALJ had explained the Claimant was attentive and effectively participated in group therapy. *Id.* at 77 (citing Ex. 5F). She was also "fully cooperative" with a state mental health assessor, i*d.* at 78 (citing Ex. 5F), and was "engaged and talkative." *Id.* at 81 (citing Ex. 12F). She reported liking her job and making friends. *Id.* at 78-79 (citing Ex. 5F). Claimant had a positive relationship with her boss and when she was considering leaving that job, her boss wanted her to stay. *Id.* at 80 (citing Ex. 8F). This all amounts to substantial evidence which the ALJ summarized in rejecting the interaction limitation the state agency psychologists offered.

Moreover, any inconsistency between the state agency findings and the RFC is not in and of itself a problem, as the ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those of your medical sources." 20 C.F.R. § 404.152c(a). That ALJ Smisek found the state agency psychologists' findings generally persuasive does not thereby require her to defer to them in toto. Instead, in assessing RFC the ALJ considers "all relevant evidence in your case record."

7

20 C.F.R. § 416.945(a). The ALJ did not err in her determination as to Claimant's interaction limitations.

### III.   Analysis of Alyson Mellendorf's Medical Opinion

Claimant next contends the ALJ erred in discounting the medical opinion provided by Claimant's therapist, Alyson Mellendorf, M.S., L.M.F.T. Pl. Mem. at 11; Dkt. No. 14. In January 2019, Ms. Mellendorf completed a Hennepin County Request for Medical Opinion form. Admin. Rec. at 1232. The form asked the medical provider to respond to the form "[b]ased on your knowledge of the patient or client." *Id.* at 1233. Mellendorf indicated Claimant's psychological disability began in childhood, listed her diagnoses including anxiety, depression, and ADHD, and noted these conditions were expected to last the length of Claimant's life. *Id.* The form asked Mellendorf to "List any permanent physical or mental limitations," to which she responded, "difficulty w/attention, focus, memory, distress tolerance." *Id.* at 1234. Lastly, in response to a question about the "maximum number of hours [the Claimant] can work per week," Mellendorf answered "at most 25 hours/week." *Id.*

At bottom, the parties disagree as to whether Mellendorf's form constitutes a medical opinion under the Social Security regulations. Consistent with the Commissioner's view on appeal, the ALJ explained that she did not address the persuasiveness of this opinion, including its supportability and consistency, because Mellendorf's opinion as to how many hours per week Claimant can work is "an opinion reserved to the Commissioner" and therefore is "inherently neither valuable or persuasive." Admin. Rec. at 82; Dkt. No. 11. No written analysis regarding that opinion was required, according to the ALJ. *Id.* (citing 20 C.F.R. § 404.1520b(c). Claimant

8

contends this discounting of Mellendorf's opinion was reversible error. Pl. Mem. at 11; Dkt. No. 14. She argues the ALJ was still required to assess the persuasiveness of the opinion because Mellendorf addressed Claimant's functioning, namely her ability to maintain attention and focus, as well as her memory and distress tolerance. *Id.* at 12 (citing Admin. Rec. at 1234). Because the opinion as to her limitations are not reserved to the Commissioner under § 404.1520b(c), Claimant contends, the ALJ should have undertaken supportability and consistency analysis and her failure to do so was error. *Id.* at 11-15. The Commissioner contends the only real conclusion Mellendorf reached was that Claimant can work at most 25 hours per week. Gov. Mem. at 23 (citing 20 C.F.R. § 404.1513(a)(2)). Because that is an issue reserved to the Commissioner it was not a "medical opinion" and the ALJ was not required to engage in any persuasiveness analysis. *Id.* (citing 20 C.F.R. § 404.1520b(c)(3)).

Under applicable regulations, a "medical opinion" is "A statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in" certain categories, including "(ii) Your ability to perform mental demands of work activities." 20 C.F.R. § 404.1513(a)(2). The touchstone is whether the statement opines about how the Claimant functions, rather than simply stating diagnosis, prognosis, or listing symptoms. *See Jared G. v. Kijakazi*, Civil No. 21-1834, 2022 WL 4396474, at *3 (D. Minn. Sept. 23, 2022) (adopting Report and Recommendation) (citing Revisions to Rule Regarding the Evaluation of Medical Evidence, 2016 WL 4764999, 81 Fed. Reg. 62560-01 at *6 (Sept 9, 2016)) *Jared R.G. v. Kijakazi*, Civil No. 21-1834, 2022 WL 5119112 at *5 (D. Minn. June 2, 2022) (summary of claimant's medical history and reported

symptoms was "not a medical opinion"); *Asha S. v. Kijakazi*, Civil. No. 21-1014, 2022 WL 4226230, at *10 (D. Minn. Sept. 13, 2022) (medical notes and initial conclusions "would not be considered a medical opinion").

The law on this exact question is somewhat thin, and the minimal nature of the form Mellendorf completed makes this a close question. However, reading the form as a whole the Court agrees with the Commissioner that Mellendorf's statements are not a medical opinion under the regulations. Aside from her statement that Claimant can work 25 hours/week maximum, there is nothing on the form that addresses "what [Claimant] can do." While the form lists limitations that are presumably related to her impairment ("difficulty w/attention, focus, memory, distress tolerance"), a statement must address both functioning ("what you can do") *and* impairment-related limitations in job-related functioning to be considered a "medical opinion." 20 C.F.R. § 404.1513(a)(2); *Jared R.G.*, 2022 WL 5119112, at *5 ("And, while Dr. Beaver stated that Plaintiff had significant issues with fatigue, anxiety, and irritability, Dr. Beaver did not describe what Plaintiff could still do despite these impairments, nor did Dr. Beaver identify a specific limitation or restriction in a work-related activity that could be attributed to an impairment."); *Roy o/b/o Helton v. Comm'r of Soc. Sec.*, No. 22-5036, 2022 WL 17726702, at *3 (10th Cir. Dec. 16, 2022) (finding a doctor's statement which did "not provide any particular manipulative limitations or address what [claimant] could still do despite her essential tremor" was not a medical opinion); *Rokko M. v. Comm'r of Soc. Sec.*, Case No. 2:22-cv-29, 2022 WL 4482625, at *2-3 (W.D. Wash, Sept. 27, 2022). Mellendorf's statement about Claimant's limitations did not identify how those limitations would affect her work, but for limiting the hours she could work each week. *See Jared R.G.*, 2022 WL 5119112, at *5.  And the law is clear

that statements about whether a claimant can work are not medical opinions, because they address an issue reserved for the Commissioner. *E.g. Jared G.*, 2022 WL 4396474, at *3; *Angela E. v. Kijakazi*, No. 4:21-cv-0149, 2023 WL 2745181, at *8 (S.D. Texas, March 31, 2023); *Rokko M.*, 2022 WL 4482625, at *3 (explaining that "a conclusory statement that Plaintiff [is] limited to part-time work" is a statement reserved to the Commissioner). Because Mellendorf's statements on the Hennepin County form were not a medical opinion as defined by the regulations, the ALJ was not required to undertake any of the analysis described in 20 C.F.R. § 404.1520c, including supportability and consistency analysis. 20 C.F.R. § 404.1520b(c). The ALJ did not err.

## RECOMMENDATION

Based upon the record, memoranda, and proceedings herein, and for the reasons stated above, the Court RECOMMENDS THAT:

1. Plaintiff's Motion for Summary Judgment, (Dkt. No. 13), be **DENIED,**

2. Defendant's Motion for Summary Judgment, (Dkt. No. 20), be **GRANTED**.

Dated: April 11, 2023            s/David T. Schultz
                                 DAVID T. SCHULTZ
                                 U.S. Magistrate Judge

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).