UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Cassandra O., | File No. 22-cv-1587 (ECT/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| Kilolo Kijakazi, *Acting Commissioner of Social Security*, | |
| Defendant. | |

---

Plaintiff Cassandra O. appeals the Commissioner of Social Security's denial of her application for disability benefits. Compl. [ECF No. 1]. The Parties filed cross-motions for summary judgment. ECF Nos. 13, 20. Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") on April 11, 2023. ECF No. 23. In the R&R, Magistrate Judge Schultz recommends denying Cassandra O.'s motion and granting the Commissioner's motion. R&R at 11. Cassandra O. objected to the R&R. ECF No. 24. The Commissioner filed a response. ECF No. 25. Because Cassandra O. has objected, the R&R will be reviewed de novo. 28 U.S.C. § 636(b)(1)(C); *accord* D. Minn. LR 72.2(b)(3). Based on that review, the R&R will be accepted, Cassandra O.'s motion for summary judgment will be denied, and the Commissioner's motion for summary judgment will be granted.

I

The administrative law judge ("ALJ") concluded that Cassandra O. suffers from the following severe impairments: anxiety, PTSD, learning disorder, personality disorder,

depression, ADHD, and eating disorder. R. [ECF No. 11] at 68.[1] The ALJ found that these impairments, considered individually and in combination, did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 69–70. The ALJ considered Cassandra O.'s impairments under Listings 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), 12.08 (personality and impulse-control disorders), 12.11 (neurodevelopmental disorders), 12.13 (eating disorders), and 12.15 (trauma- and stressor-related disorders). *Id*. at 69–70. The ALJ concluded that Cassandra O. had a "mild limitation" remembering or applying information, a "moderate limitation" in interacting with others, a "moderate limitation" with regard to "concentrating, persisting[,] or maintaining pace, and a "moderate limitation" in "adapting or managing oneself." *Id*. at 69–70.

Having determined that Cassandra O. was not presumptively disabled, the ALJ then considered Cassandra O.'s residual functional capacity ("RFC"). The ALJ concluded that Cassandra O.:

> ha[d] the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine tasks performed in a work environment free of fast-paced production requirements and involving only simple, work-related decisions and routine workplace changes; no more than incidental contact with the public and only occasional contact with co-workers and supervisors.

R. at 70–71.

---

[1] This Order cites the Administrative Record ("R."), *see* ECF No. 11, by reference to the consecutive pagination that spans the exhibits comprising it. Those page numbers are listed in the bottom right corner of each document.

The ALJ made two specific determinations that Cassandra O. calls into question. As to Cassandra O.'s interaction with the public and co-workers, the ALJ rejected in part the opinions of state agency psychological consultants who opined that Cassandra O. had the capacity to "interact with the general public, *co-workers and supervisors* on an *incidental* basis." R. at 76–77 (emphasis added). Instead, the ALJ concluded that the "overall record, including the claimant's experience of getting along with supervisors, her ability to spend most of her time with her mother, and her ability to maintain friendships, therapy, and relationships with other medical providers, supports that she is able to handle *occasional interactions with co-workers and supervisors*." R. at 76–77 (emphasis added). In addition, the ALJ determined that the opinion expressed by Cassandra O.'s therapist, Alyson Mellendorf, M.S., L.M.F.T., that Cassandra O. could work at most 25/hours week was "an opinion reserved to the Commissioner because, if adopted, it would direct a decision that the claimant is or is not disabled or blind under the Social Security Act." *Id*. at 77. As a result, the ALJ did not address the persuasiveness of this opinion, including its supportability and consistency. *Id*.

Then, having determined that Cassandra O. was unable to do any of her past relevant work, the ALJ concluded that considering her age, education, work experience, and RFC, Cassandra O. could perform certain medium unskilled occupations that existed in significant numbers in the national economy. *Id*. at 79. Accordingly, the ALJ concluded that Cassandra O. had not been disabled since December 19, 2019, when her application was filed. *Id*. at 79–80. The Appeals Council denied Cassandra O.'s request for review. *Id*. at 1.

Cassandra O. then filed this action challenging the denial of disability benefits. Cassandra O. argued that she was entitled to summary judgment because the ALJ failed to properly account for the state agency psychologists' opinions and failed to evaluate the supportability and consistency of Ms. Mellendorf's opinion. Pl.'s Mem. in Supp. [ECF No. 14] at 6–15. The Commissioner argued that he was entitled to summary judgment because the ALJ's decision was "legally sound and supported by substantial evidence." Def.'s Mem in Supp. [ECF No. 21] at 25.

The R&R rejected each of Cassandra O.'s arguments. First, the R&R found that the ALJ's opinion regarding the state agency psychologists' opinions "built a clear logical bridge between the evidence and [the ALJ's] conclusion about [Cassandra O.'s] limitations on interaction, and it specifically explained the discrepancy between her RFC and the prior administrative medical finding." R&R at 6. Second, the R&R concluded that the ALJ properly determined that Ms. Mellendorf's statement about Cassandra O.'s limitations was "not a medical opinion under the regulations" because it "did not identify how [the] limitations would affect her work, but for limiting the hours she could work each week." R&R at 8–10. As a result, the R&R concluded that the ALJ was not required to undertake a supportability and consistency analysis of the Ms. Mellendorf's statements. R&R at 10–11.

II

Cassandra O. challenges the ALJ's omission of the state agency psychologists' opinions despite the ALJ finding those opinions to be generally persuasive. *See* Objs. at 2. The ALJ found that the opinions of the state agency psychological consultants were

"generally persuasive because they are supported and consistent with the record." R. at 76–77. But the ALJ concluded that the evidence in the "overall record," including Cassandra O.'s "experience of getting along with supervisors, her ability to spend most of her time with her mother, and her ability to maintain friendships, therapy, and relationships with other medical providers, supports that she is able to handle occasional interactions with co-workers and supervisors." R. at 77. The ALJ logically tied the determination of Cassandra O.'s ability to occasionally (rather than just incidentally) interact with co-workers and supervisors to the "overall record," including the cited examples. This decision was supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").

Cassandra O. also objects to the ALJ's determination that the statement of Ms. Mellendorf, Cassandra O.'s therapist, was not a medical opinion under the Social Security regulations and thus not entitled to evaluation. Pl.'s Mem. in Supp. at 4. Ms. Mellendorf completed a Request for Medical Opinion form for Cassandra O. in January 2019. R. at 1227–29. When asked to "[l]ist any permanent physical or mental limitations," Ms. Mellendorf answered, "difficulty with attention, focus, memory, distress tolerance." *Id*. at 1229. Then, in response to the "[m]aximum number of hours [Cassandra O.] can work per week," Ms. Mellendorf stated, "at most 25 hrs/week." *Id*. Considering the minimal nature of Ms. Mellendorf's statements, the ALJ and Magistrate Judge Schultz correctly concluded that under the relevant regulations, Ms. Mellendorf's statement regarding Cassandra O.'s ability to work "at most 25 hrs/week" was "evidence regarding a statement on an issue

5

reserved to the Commissioner" and thus the ALJ was not required to engage in any persuasiveness analysis. *See* R. at 77; R&R at 8–11.

Accordingly, based on all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Plaintiff's Objection to the Report and Recommendation [ECF No. 24] is **OVERRULED**;

2. The Report and Recommendation [ECF No. 23] is **ACCEPTED**;

3. Plaintiff's Motion for Summary Judgment [ECF No. 13] is **DENIED**; and

4. Defendant Acting Commissioner of Social Security Kilolo Kijakazi's Motion for Summary Judgment [ECF No. 20] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 18, 2023

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court